(12 Misc. Rep. 615.)

## In re KEYMER.

(Supreme Court, Special Term, Kings County. June, 1895.)

CIVIL SERVICE LAWS—PREFERENCE OF VETERANS—CONSTITUTIONAL LAW.

Laws 1895, c. 344, provides that honorably discharged soldiers and sailors of the Civil War shall be preferred for appointment and promotion in the civil service of the state, and that "competitive examinations shall not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed four dollars per day, but the examination shall be such as is calculated only to ascertain the merits and fitness of the applicant for the position." *Held*, that such statute applies to all persons presenting themselves for examination, and not to war veterans alone; and it does not therefore violate Const. 1895, art. 5, § 9, which provides that "appointments and promotion in the civil service of the state * * * shall be made according to merit and fitness, to be ascertained as far as practicable by examination, which so far as practicable shall be competitive, provided, however, that honorably discharged soldiers and sailors * * * shall be entitled to preference in appointment and promotion, without regard to their standing on any list."

Application by George Keymer for a writ of mandamus to compel the civil service commissioners of the city of Brooklyn to subject him to a noncompetitive examination for the place of messenger in the civil service of the city of Brooklyn, on the ground that petitioner is an honorably discharged soldier of the war of the Rebellion. Granted.

Horatio C. King and Jesse Johnson, for petitioner.
A. G. McDonald, Corp. Counsel, opposed.

GAYNOR, J. The petitioner claims that he may not be subjected to a competitive examination by the civil service commissioners of the city of Brooklyn, to ascertain his merit and fitness for the place of messenger, but that they must subject him to a noncompetitive examination only. His contention is supported by the act, chapter 344 of the Laws of 1895. It provides that "competitive examinations shall not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed $4 per day." The place for which the petitioner seeks eligibility falls within this class. The respondents assail this statutory provision as in conflict with section 9 of article 5 of the new state constitution. I do not see that it is unconstitutional. The said section of the constitution is as follows:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

The requirement of the constitution is that merit and fitness for appointment and promotion in civil service shall be ascertained by examinations, "so far as practicable," and that such examinations shall be competitive, "so far as practicable." The legislature is directed to make laws to carry out this constitutional provision. What is practicable or impracticable, in respect of examinations, in order to get the best results, is thus left to the judgment of the legislature. It has exercised its judgment by enacting that "competitive examinations shall not be deemed practicable or necessary" in the cases of positions, the pay of which does not exceed four dollars a day. I do not see that the courts may question legislative judgment in the matter at all. It is left to the legislature to say what particular places shall not be subject to the test of examinations, as is the case generally with counsel to municipal corporations, and confidential secretaries, for instance, and at the same time to require other places to be filled only by persons whose fitness has been ascertained by examinations, and in the case of these latter to prescribe competitive or noncompetive examinations, as it deems best. What offices and places it is practicable to subject to civil service examinations at all, in order to get the best results, and which of these should be put to the test

·of competitive examinations, and which to noncompetitive, is obviously a matter of judgment; and it is now, as it has been heretofore, for the legislature to determine.

The petitioner is an honorably discharged soldier of the late Civil War. It is contended that the said act of 1895 is violative of the section of the constitution which I have cited, in that it gives a preference to honorably discharged soldiers and sailors beyond that provided for in the said constitutional provision. The constitutional requirement is that appointments and promotions in the civil service shall be made according to merit and fitness, which shall be ascertained by examinations, so far as practicable. It is followed by the proviso that honorably discharged soldiers and sailors of the late Civil War "shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made." I think the preference thus given was meant to be exclusive of any other,—to be the sole preference. It is that, when the eligible lists are made up, war veterans thereon shall have preference for promotion or appointment therefrom, without regard to their standing thereon. No preference or favor is allowed to them in the examinations. The constitutional requirement that merit and fitness be ascertained by examinations necessarily contemplates that all applicants for examination for a particular place or class of places shall be treated alike, in respect of the examination. It cannot, for instance, be made competitive as to some, and noncompetitive as to others. If, therefore, the said act of 1895 must be construed as providing that war veterans shall be tested only by a noncompetitive examination for places, the pay of which does not exceed four dollars a day, while other applicants for the same places may be subjected to a competitive examination, I would deem it unconstitutional. But I do not think it must be so construed. The language of the act is that honorably discharged·soldiers and sailors of the late Civil War "shall be certified as such by the commissioners or board of officers authorized to report names for appointment or promotion to the appointing officer or other appointing power, and when such honorably discharged soldiers and sailors of the late civil war are applicants, they shall be preferred for such appointment and promotion, and competitive examinations shall not be deemed practicable or necessary in cases where the compensation or other emoluments of the office does not exceed four dollars per day, but the examination shall be such as is calculated only to ascertain the merits and fitness of the applicant for the position for which he applies, and if found fitted to fill such position, the applicant's name shall be placed on the eligible list and shall be certified therefrom." The rule is that if an act be capable of two constructions, one of which would make it violative of the constitution, and the other not, the latter construction must be adopted. Although the act is one relating to war veterans, and intended for their benefit, I think the provision thereof that competitive examinations shall not be deemed practicable or necessary in the case of places, the pay of which does not exceed four dollars.

a day, may be easily construed as applicable alike to all persons presenting themselves for examination, and not to war veterans alone. I am not permitted to assume that the legislature meant to make the provision unconstitutional by restricting it to war veterans. That the language is capable of such a construction, is true, but it is also capable of the broader construction which I have given it.

Let a writ of mandamus issue, requiring the respondents to subject the petitioner to a noncompetitive examination at a suitable time. Ordered accordingly.